# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MILAGROS MARQUEZ CARDOZO,    )
                                  )
         **Petitioner,**           )
                                    )
**v.**                                   )       **Case No. CIV-26-1099-J**
                                    )
**FRED FIGUEROA, Warden, et al.,**    )
                                    )
         **Respondents.**       )

## REPORT AND RECOMMENDATION

Petitioner Milagros Marquez Cardozo, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.  **Background**

Petitioner, a citizen of Venezuela, entered the United States on or around April 28, 2023, near El Paso, Texas, without admission or inspection.  Doc. 1-1 at 3 (Notice to Appear).  Shortly thereafter, she was encountered by Border Patrol, found inadmissible, and released on her own recognizance subject to the condition that she would report for all hearings and appointments.  Pet. at 7; Doc. 1-1 at 12 (ICE Immigration History).  Petitioner alleges she did not violate the terms of her release.  Pet. at 7.

On January 10, 2026,[2] ICE detained Petitioner after encountering her in the Dallas Field Office lobby while she was reporting for an appointment.  Doc. 1-1 at 11 (ICE Encounter Summary).  On the same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Doc. 1-1 at 3.  In 2023 and 2026, Petitioner filed an Application for Asylum.  Resp. at 8; *see also* Doc. 8-1 (confirming Petitioner's 2023 application for asylum); Doc. 8-2 (confirming Petitioner's 2026 application for asylum).

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  On March 23, 2026, Petitioner's request for a bond hearing was denied for lack of jurisdiction because all Immigration Judges ("IJs") are subject to the binding precedent

---

[2] Petitioner alleges she was detained on February 5, 2026.  Pet. at 5; *see also* Resp. at 8 (citing the Petition and asserting Petitioner was re-detained on February 5, 2026).  The exact date of Petitioner's current detention does not impact the analysis.

of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Resp. at 8; Doc. 1-1 at 6 (IJ Order).

On July 8, 2026, an IJ granted Petitioner voluntary departure. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 10, 2026). However, the parties have until August 7, 2026, to appeal the decision. *Id.*[3]

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 10, 2026).

## II.   Petitioner's Claims

Petitioner asserts two counts in her Petition.

- **Count I: Violation of Due Process**. Petitioner alleges her re-detention violates her right to substantive and procedural due process. Pet. at 7.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**. Petitioner alleges her continued detention is unjust and violates the INA where she did not violate the terms of her previous release. *Id*.

---

[3] Because the period to appeal Petitioner's voluntary departure has not yet passed, Petitioner does not yet have a final order of removal such that her detention would be governed by 8 U.S.C. § 1231. *See, e.g., Fuga v. Warden, California City Det. Facility*, No. 26-CV-00654, 2026 WL 1396685, at *3-4 (E.D. Cal. May 19, 2026) (concluding petitioner did not have an administratively final order of removal because the appeal of his voluntary departure was not final).

She asks the Court to "issue a writ of habeas corpus ordering the Respondents to release [her] on [her] own recognizance, or parole, or low bond, or issue an immediate release." Pet. at 8.

### III.   <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   <u>Analysis</u>

#### A.   **The Petition properly raises INA and Due Process claims.**

As an initial matter, Respondents allege Petitioner fails to state a plausible claim under the INA or Due Process Clause.  Resp. at 3, 9-10.  Respondents assert the that "given the lack of support for Petitioner's claim, the Court should decline to consider it." *Id.*  This argument is not persuasive.

First, Petitioner is proceeding pro se, meaning her filing must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  When reading the Petition as a whole, it is clear what provisions of the immigration statutes Petitioner is invoking.  Two provisions of the INA govern detention of noncitizens who do not have a final order of removal: 8 U.S.C. § 1225 and § 1226. *See, e.g., Martinez Caldera v. Mullin*, No. CIV-26-331-R, 2026 WL 962414, at *1 (W.D. Okla. Apr. 9, 2026) (noting "the key question in this case is whether [a similarly situated] Petitioner is properly detained pursuant to

4

§ 1225(b)(2)(A) . . . or whether he must instead be detained pursuant to § 1226(a)"). Petitioner alleges her "continued detention violates the Immigration & Nationality Act." Pet. at 7. Respondents acknowledge Petitioner is challenging ICE's "decision to detain her pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a)." Resp. at 1.

Respondents' assertion is further belied by the Response itself, as Respondents substantively respond to Petitioner's INA and Due Process claims. Resp. at 10-15. Respondents were indeed able to respond to the Petition, which does not raise novel issues or questions of law from those recently considered many times by this Court. Accordingly, the undersigned finds it clear that Petitioner is challenging her immigration detention pursuant to § 1225 and alleging she is properly detained under § 1226.

**B.      Section 1226(a) applies to Petitioner's detention.**

As discussed above, the two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306

5

(2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner alleges her continued detention violates the INA because § 1226(a) governs her detention and entitles her to a bond hearing.  Pet. at 7.  Respondents maintain she is properly detained under § 1225(b)(2)(A).  Resp. at 10-12.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

---

[4] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2).  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v.*

Further, Petitioner's application for asylum does not change the analysis or render her "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

### C.      The proper remedy is a bond hearing.

Petitioner asks the Court to "issue a writ of habeas corpus ordering the Respondents to release [her] on [her] own recognizance, or parole, or low bond, or issue an immediate release." Pet. at 8. However, the undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ

---

*Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

within five business days or otherwise release her if she does not have a lawful bond hearing within that period.[5]

### D.    The Court should decline to address Petitioner's due process claim.

Petitioner also argues her continued detention without a bond hearing violates her rights to due process.  Pet. at 7.  If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on her continued detention.  *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

---

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 15, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 20, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9