# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MILAGROS MARQUEZ CARDOZO,      )
      )
      Petitioner,      )
      )
v.      )      Case No. CIV-26-1099-J
      )
FRED FIGUEROA, et al.,      )
      )
      Respondents.      )

## ORDER

Petitioner Milagros Marquez Cardozo, a citizen of Venezuela proceeding pro se, is currently in the custody of Immigration and Customs Enforcement (ICE). She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and asks the Court to "issue a writ of habeas corpus ordering the Respondents to release [her] on [her] own recognizance, or parole, or low bond, or issue an immediate release." [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part, and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release her if she has not received a lawful bond hearing within that period. (Rep. & Rec.) [Doc. No. 9]. Respondents filed a timely objection (Obj.) [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.[1]

---

[1] Judge Stephens granted either party until July 20, 2026 to reply to the other party's objection. Rep. & Rec. at 9. The Court believes further argument is unnecessary and STRIKES the reply deadline.

Petitioner entered the United States on or around April 28, 2023.  Shortly thereafter she was encountered by border Patrol, found inadmissible, and released on her own recognizance.  In early 2026, ICE detained Petitioner while she was reporting for an appointment at the Dallas Field Office.[2]  Petitioner has twice filed an Application for Asylum and Withholding of Removal.  [Doc. Nos. 8-1 & 8-2].  On July 8, 2026, an Immigration Judge granted Petitioner voluntary departure and the parties' deadline to appeal that determination is August 7, 2026.  Accordingly, Petitioner is not yet subject to a final order of removal.  Based on the foregoing, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, her continued detention without a bond hearing violates the Immigration and Nationality Act (INA).  Rep. & Rec. at 5–7.

Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) "compels a different outcome."  Obj. at 1.  In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[3]

---

[2]  Both Petitioner and Respondents allege she was detained by ICE on February 5, 2026.  [Doc. No. 1 at 5; Doc. No. 8 at 8].  However, the record suggests she was detained on January 10, 2026 "during the routine performance of Non-Detained Lobby duties at the Dallas Field Office."  [Doc. No. 1-1 at 11].  The exact date of Petitioner's confinement is immaterial, however, because it does not alter the Court's analysis in this case.

[3]  Because the Court grants Petitioner relief on this issue, it declines to address her remaining claims.  Rep. & Rec. at 8; Obj. at 1.

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 17th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3